LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
John H. Lovell, SBN: 12609300
Joe L. Lovell, SBN: 12609100
Deborah D. Reeves, SBN: 24006668
112 West 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Telephone: 806/373-1515
Facsimile: 806/379-7176
*Attorneys for Robert L. Templeton,
Independent Executor of the Frances E. Maddox Estate*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| AMERICAN HOUSING FOUNDATION, INC., | § § § § | CASE NO. 09-20232-rlj-11 |
| Debtor. | | |

| | | |
|---|---|---|
| ROBERT TEMPLETON, Independent Executor of the FRANCES E. MADDOX ESTATE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 10-02021-rlj |
| TEXAS CAPITAL BANK, N.A., | § § § | |
| Defendant. | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ABATE ADVERSARY PROCEEDING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Robert Templeton, in his capacity as Independent Executor of the Estate of Frances E. Maddox, Deceased, ("Maddox"), and in response to Texas Capital Bank's Motion to

Abate Adversary Proceeding would show the Court as follows:

## I.

## BACKGROUND

1. On October 7, 2010, Plaintiff Robert L. Templeton, as Independent Executor of the Frances E. Maddox Estate ("Templeton"), initiated this Adversary when he filed his *Original Complaint to Determine Validity and Extent of Alleged Security Interest in Life Insurance Proceeds, Lodging Objections to Claim, and Seeking Declaratory Relief* [Docket No. 1] (the "Complaint").

2. Templeton filed his *Motion for Summary Judgment* (the "Motion for Summary Judgment") [Docket No. 2] contemporaneously with the Complaint seeking a determination that TCB's liens do not extend to the Proceeds as a matter of law.

3. TCB filed two pre-answer motions October 18, 2010, pursuant to Federal Rule of Civil Procedure 12(b)(6) and (f)—a Motion to Dismiss (the "Motion to Dismiss") [Docket No. 10], a Motion to Strike (the "Motion to Strike") [Docket No. 11] and a Motion to Abate (the "Abatement Motion") [Docket No. 18]. TCB's Motions are set for hearing on November 10, 2010, at 1:30 p.m., during the Court's video-docket call.

## II.

## RESPONSE TO TEXAS CAPITAL BANK'S MOTION TO ABATE

4. Maddox objects to TCB's motion to abate. It is necessary to continue the prosecution of these matters in order to clarify to validity of TCB's lien claims, and to resolve Maddox's objection to TCB's claim in this case. Maddox has the right to object to TCB's lien. TCB seeks to deny Maddox this right, and prevent an adjudication of Maddox's objection until after the issue has become moot.

5. The validity or invalidity of Texas Capital Bank's lien claims are extremely important in this bankruptcy case. The validity or invalidity of Texas Capital Bank's liens are important not only to this adversary proceeding, but to the entire plan. Maddox asserts it is very important that a ruling on Plaintiff's Motion for Summary Judgment be had prior to plan confirmation. Whether Texas Capital Bank has an invalid lien claim, or whether fact issues exist which preclude a summary adjudication of Texas Capital Bank's lien claim, then those facts should be determined, disclosed, and fully considered when the Court decides whether or not to confirm the Trustee's plan, and when creditors decide whether to vote for or against a plan which incorporates the proposed Texas Capital Bank settlement.

6. If this Court grants the Maddox Estate's Motion for Summary Judgment, then Texas Capital Bank's secured claim should probably be valued at zero or close to zero[1], and Texas Capital Bank should be included in an unsecured class. If this Court determines that Texas Capital Bank's lien claim is invalid, then the proposed TCB settlement is clearly not in the best interest of the estate, the proposed settlement should not be approved, and it should not be included in the plan.

7. It is not certain that the proposed settlement between the Trustee and Texas Capital Bank will be approved. Indeed as Maddox's motion for summary judgment shows, TCB's claim for a security interest in the Proceeds is invalid, the proposed settlement amount is not justifiable in fact, it is poor business judgment to settle for such a sum, and such a settlement is not in the best interest of the estate.

8. TCB has on file a motion for summary judgment seeking to determine that its lien

---

[1] The Trustee's expert, Alan Weiner, has opined that the value of TCB's security interest in the Brandywood real estate, and in AHF's receivables, are essentially zero. (Oct. 11, 2010 report of Alan Weiner, and November 4, 2010, deposition of Alan Weiner.)

claim is valid. Maddox has on file a motion for summary judgment to determine that TCB's lien claim is not valid. It will not require any of the Estate's funds, or their attorneys' time or resources, to allow the competing motions for summary judgment to be decided.

9. The Court may still timely determine the Maddox Estate's Motion for Summary Judgment prior to the confirmation hearing. This Court has the discretion to set the filing date for Texas Capital Bank's summary judgment response and, if the Court believes a hearing is necessary, set a hearing prior to the confirmation hearing. Maddox believes that the competing cross motions for summary judgment on the TCB lien claim can be decided upon submission, without hearing.

WHEREFORE, PREMISES CONSIDERED, the Maddox Estate prays that upon consideration of Texas Capital Bank's Motion to Abate Adversary Proceeding, that such motion be denied, that the Court order that Texas Capital Bank's summary judgment response be filed by a date certain that the motion be determined by the Court on submission, and that all deadlines and hearings set in this Adversary Proceeding continue as scheduled.

Maddox Estate prays for such other and further relief to which it may show itself justly entitled.

DATED this day of November, 2010.

                                              Respectfully submitted,

                                              LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
                                              Joe L. Lovell, SBT: 12609100
                                              John H. Lovell, SBT: 12609300
                                              Deborah D. Reeves, SBT: 24006668
                                              112 West 8th Avenue, Suite 1000
                                              Amarillo, Texas 79101-2314
                                              Telephone: (806) 373-1515
                                              Facsimile: (806) 379-7176

                                              By_____
                                                 John H. Lovell

                                              *Attorneys for Robert Templeton, Independent Executor of the Frances E. Maddox Estate*

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing was sent via ECF and/or email mail on this the day of November, 2010 to the following listed parties in interest:

1.     Eli O. Columbus
       Lloyd A. Lim
       David Brown
       Winstead PC
       5400 Renaissance Tower
       1201 Elm Street
       Dallas, Texas 75270-2199
            *Attorneys for Texas Capital Bank, N.A.*

2.     U. S. TRUSTEE
       1100 Commerce Street, Room 976
       Dallas, Texas 75242-1496

3.     Walter O'Cheskey
       P. O. Box 64456
       Lubbock, Texas 79464
            *Trustee for American Housing Foundation*

4. Max Ralph Tarbox
   Tarbox Law, P.C.
   2301 Broadway
   Lubbock, Texas 79401
   ***Attorney for Trustee***

5. Steve McCartin
   Marcus Helt
   GARDERE, WYNN, SEWELL, LLP
   1601 Elm Street, Suite 3000
   Dallas, Texas 75201
   ***Attorneys for Trustee***

6. All creditors and parties in interest registered with the U. S. Bankruptcy Court to receive electronic notices in this case.

_____
John H. Lovell