LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
John H. Lovell, SBN: 12609300
Joe L. Lovell, SBN: 12609100
Deborah D. Reeves, SBN: 24006668
112 West 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Telephone: 806/373-1515
Facsimile: 806/379-7176
*Attorneys for Robert L. Templeton,*
*Independent Executor of the Frances E. Maddox Estate*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| AMERICAN HOUSING FOUNDATION, INC., | § § § | CASE NO. 09-20232-rlj-11 |
| Debtor. | § | |

| | | |
|---|---|---|
| **ROBERT TEMPLETON**, Independent Executor of the **FRANCES E. MADDOX ESTATE**, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Adversary No. 10-02021-rlj |
| **TEXAS CAPITAL BANK, N.A.**, | § § | |
| Defendant. | § | |

## PLAINTIFF'S RESPONSE TO
## TEXAS CAPITAL BANK, N.A.'S RULE 7012(f) MOTION TO STRIKE

Plaintiff, Robert Templeton, Independent Executor of the Frances E. Maddox Estate,

("Templeton"), asks the Court to deny Texas Capital Bank, N.A.'s ("TCB") Motion to Strike under

7012(f) and shows the following:

# I.

## BACKGROUND

1. This adversary proceeding was filed on Oct. 7, 2010, in part, for the purpose of objecting to the claim of Texas Capital Bank, N.A. ("TCB").

2. Templeton objects to the claim on the basis that TCB **does not** have a security interest in the life insurance proceeds held in the registry of the court. Templeton also objects to TCB's claim relating to all lien claims lodged by TCB, of any nature and for any reason, by its Claim 99 (and any subsequent amendments).

3. As noted in Templeton's adversary complaint, a companion issue arose in another adversary proceeding, 09-02005, addressing ownership of life insurance policies. In 09-02005, TCB intervened and asserted it had a lien on the proceeds of the life insurance policies. *See* Cause No. 09-02005, Docket No. 14. TCB also filed a partial motion for summary judgment seeking declaratory relief. *See* Cause No. 09-02005, Docket No. 86.

4. Adversary Proceedings 09-02005 and 09-02007 were consolidated into Civil Action No. 2:09-cv-00231-C. *See* Cause No. 2:09-cv-00231-C, Docket No. 6. Adversary proceedings 09-02005 and 09-02007, and Civil Action 2:09-cv-00231-C, **did not** raise objections to TCB's proof of claim.

5. The disputes in the 2:09-cv-00231-C proceeding were disposed of by Agreed Order, with the exception of the issues surrounding TCB's intervention. *See* Cause No. 09-20232, Docket No. 1536. On August 25, 2010, Judge Cummings ordered that the " TCB Intervention and pending claims asserted therein by Intervenor Texas Capital Bank, N.A., including all pleadings, motions, responses, replies, and orders with respect thereto, are referred back to the United States Bankruptcy

Court for the Northern District of Texas, Amarillo Division, for adjudication." *Id.* at ¶ 6.

6. To date, the TCB Intervention claims have never been ruled on and are still pending in this court. The intervention claims do not include any objection to TCB's proof of claim, or to TCB's claim in this bankruptcy case.

7. On October 18, 2010, TCB filed its Rule 7012(f) Motion to Strike the First Amended Complaint and Motion for Summary Judgment filed by Templeton in this proceeding. *See* Docket No. 11. TCB claims that this proceeding is unnecessary and redundant, an attempt to circumvent the deadlines for filing a motion for summary judgment in the TCB Intervention proceeding, and an effort to interfere in the TCB settlement between the Trustee and the Unsecured Creditors' Committee.

8. On November 5, 2010, Templeton filed a Motion for Consolidation of Proceedings, requesting that this proceeding be consolidated with the TCB Intervention claims. *See* Docket No. 23.

## II.

## ARGUMENT

9. Rule 12(f) provides that a court may order stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

10. TCB seeks to strike the First Amended Complaint and the Motion for Summary Judgment in their entirety. *See* Docket No. 11, Prayer Section. Alternatively, TCB seeks to strike Sections IV, V, and/or VI of the First Amended Complaint. *Id.*

11. TCB fails to recognize that a Motion to Strike under Rule 12(f) is not the proper vehicle to strike an entire pleading. *See Owens v. Blue Tee Corp.* 177 F.R.D. 673, 678, n. 6 (N.D. Ala. 1998). Further, the plain language of Rule 12(f) does not contemplate striking an entire pleading, as

the rule provides, "[t]he court may strike *from a pleading....*" See Fed. R. Civ. P. 12(f)(emphasis added). Therefore, the Court should deny TCB's request and not strike the First Amended Complaint and the Motion for Summary Judgment.

12. By its Prayer, TCB seeks to strike Templeton's Objection (Section IV), request for Declaratory Relief (Section V), and the Conclusion (Section VI) portions of the First Amended Complaint. *See* Docket No. 11, Prayer Section. Again, in striking these sections, TCB is essentially seeking to strike the entire complaint, which is not permitted under Rule 12(f).

13. Although TCB asserts that this proceeding is unnecessary and redundant, it fails to recognize that the TCB Intervention claims in 09-02005 did not involve an objection to its claim by the creditors. This proceeding is not redundant because a claim objection is lodged by Templeton. *See* Docket No. 8.

14. Moreover, Bankruptcy Rules 3007 and 7001 instruct that the relief requested in the objection to TCB's claim (a proceeding to determine the validity, priority, or extent of a lien; a proceeding to obtain a declaratory judgment relating to the validity, priority, or extent of a lien) requires the filing of an adversary proceeding, which was done in this instance. *See* Fed. R. Bankr. Proc. 3007, 7001.

15. To address TCB's concern that this proceeding is unnecessary and redundant, Templeton requested that the Court consolidate this proceeding with the issues remaining in the TCB Intervention in 09-02005. *See* Docket No. 23. Curiously, counsel for TCB did not agree to this relief, and the consolidation issue is contested.

16. TCB also asserts that this proceeding was filed to circumvent summary judgment deadlines in the TCB Intervention (09-02005). The petitioning creditors in the 09-02005 proceeding

timely filed a comprehensive response to TCB's Motion for Partial Summary Judgment, along with exhibits. *See* Cause 09-02005, Docket No. 94. In ruling on TCB's Motion for Partial Summary Judgment in the 09-02005 proceeding, it appears the court would decide the ultimate question: whether or not TCB has a security interest in the life insurance proceeds held in the registry of the court. This is the very issue that goes to the heart of both proceedings.

17.    TCB further asserts that Templeton filed this adversary proceeding to interfere with the TCB settlement between the Trustee and the Unsecured Creditors' Committee. In making that argument, TCB ignores that the settlement is nevertheless subject to approval of this Court under Bankruptcy Rule 9019(b), and that the proponents of the *First Amended Joint Chapter 11 Filed by Trustee and the Official Committee of the Unsecured Creditors* (Docket No. 1747)(the "Plan") must satisfy the standards of Rule 9019 in order to confirm the Plan containing the TCB settlement.

18.    As the summary judgment evidence in this proceeding and the 09-02005 proceeding reflect, Templeton has valid grounds to object to TCB's claim. Further, 11 U.S.C. § 502 provides the basis for a creditor to object to claims in a bankruptcy proceeding, which Templeton has every right to lodge. *See* 11 U.S.C. § 502. TCB seeks to prevent the Maddox Estate from even being able to object to its proof of claim, and seeks to prevent any party in interest from questioning the $4.5 million settlement, except as part of the plan confirmation. In other words, TCB wants to limit all parties in interest to objecting to the plan in order to object to the TCB settlement.

19.    Significantly, TCB ignores that the issues remaining in the TCB Intervention (09-02005) existed long before the Joint Plan was developed and solicited, or the TCB settlement was conceived in the minds of those involved. TCB also ignores that those issues have never been ruled on.

20. Templeton's objection to TCB's proof of claim in this adversary proceeding, coupled with the pending issues in the TCB Intervention (09-02005), should be decided by this Court before the hearing regarding confirmation of the proposed Plan.

## III.

## CONCLUSION

For these reasons, Templeton requests that TCB's Rule 7012(f) motion to strike be denied, and for such other and further relief to which he may be entitled at law or equity.

DATED this 8th day of November, 2010.

Respectfully submitted,

LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
Joe L. Lovell, SBT: 12609100
John H. Lovell, SBT: 12609300
Deborah D. Reeves, SBT: 24006668
112 West 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Telephone: (806) 373-1515
Facsimile: (806) 379-7176

By _____
John H. Lovell

*Attorneys for Robert Templeton, Independent Executor of the Frances E. Maddox Estate*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent via ECF and/or email on this the 8th day of November, 2010 to the following listed parties in interest:

1. Eli O. Columbus
   Lloyd A. Lim
   David Brown
   Winstead PC
   5400 Renaissance Tower
   1201 Elm Street
   Dallas, Texas 75270-2199
   *Attorneys for Texas Capital Bank, N.A.*

2. U. S. TRUSTEE
   1100 Commerce Street, Room 976
   Dallas, Texas 75242-1496

3. Walter O'Cheskey
   P. O. Box 64456
   Lubbock, Texas 79464
   *Trustee for American Housing Foundation*

4. Max Ralph Tarbox
   Tarbox Law, P.C.
   2301 Broadway
   Lubbock, Texas 79401
   *Attorney for Trustee*

5. Steve McCartin
   Marcus Helt
   GARDERE, WYNN, SEWELL, LLP
   1601 Elm Street, Suite 3000
   Dallas, Texas 75201
   *Attorneys for Trustee*

6. All creditors and parties in interest registered with the U. S. Bankruptcy Court to receive electronic notices in this case.

_____
John H. Lovell