LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
John H. Lovell, SBN: 12609300
Joe L. Lovell, SBN: 12609100
Deborah D. Reeves, SBN: 24006668
112 West 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Telephone: 806/373-1515
Facsimile: 806/379-7176
*Attorneys for Robert L. Templeton,*
*Independent Executor of the Frances E. Maddox Estate*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| **AMERICAN HOUSING FOUNDATION, INC.,** | § § § | CASE NO. 09-20232-rlj-11 |
| Debtor. | | |

| | | |
|---|---|---|
| **ROBERT TEMPLETON**, Independent Executor of the **FRANCES E. MADDOX ESTATE**, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | **Adversary No. 10-02021-rlj** |
| **TEXAS CAPITAL BANK, N.A.,** | § § § | |
| Defendant. | § | |

PLAINTIFF'S RESPONSE TO
TEXAS CAPITAL BANK, N.A.'S RULE 7012(b)(6) MOTION TO DISMISS

Plaintiff, Robert Templeton, Independent Executor of the Frances E. Maddox Estate, ("Templeton"), asks the Court to deny Texas Capital Bank, N.A.'s ("TCB") Motion to Dismiss under 7012(b)(6) and shows the following:

# I.

## BACKGROUND

1. This adversary proceeding was filed on Oct. 7, 2010, in part, for the purpose of objecting to the claim of Texas Capital Bank, N.A. ("TCB").

2. Templeton objects to the claim on the basis that TCB **does not** have a security interest in the life insurance proceeds held in the registry of the court. Templeton also objects to TCB's claim relating to all lien claims lodged by TCB, of any nature and for any reason, by its Claim 99 (and any subsequent amendments).

3. As noted in Templeton's adversary complaint, a companion issue arose in another adversary proceeding, 09-02005, addressing ownership of life insurance policies. In 09-02005, TCB intervened and asserted it had a lien on the proceeds of the life insurance policies. *See* Cause No. 09-02005, Docket No. 14. TCB also filed a partial motion for summary judgment seeking declaratory relief. *See* Cause No. 09-02005, Docket No. 86.

4. Adversary Proceedings 09-02005 and 09-02007 were consolidated into Civil Action No. 2:09-cv-00231-C. *See* Cause No. 2:09-cv-00231-C, Docket No. 6. Adversary proceedings 09-02005 and 09-02007, and Civil Action 2:09-cv-00231-C, **did not** raise objections to TCB's proof of claim.

5. The disputes in the 2:09-cv-00231-C proceeding were disposed of by Agreed Order, with the exception of the issues surrounding TCB's intervention. *See* Cause No. 09-20232, Docket No. 1536. On August 25, 2010, Judge Cummings ordered that the " TCB Intervention and pending claims asserted therein by Intervenor Texas Capital Bank, N.A., including all pleadings, motions,

responses, replies, and orders with respect thereto, are referred back to the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, for adjudication." *Id.* at ¶ 6.

6. On October 18, 2010, TCB filed a Rule 7012(b)(6) Motion to Dismiss the First Amended Complaint. *See* Docket No. 10. On that same day, TCB also filed a Rule 7012(f) Motion to Strike the First Amended Complaint and the Motion for Summary Judgment. *See* Docket No. 11.

7. By its Motion to Dismiss, TCB asserts that Templeton's objection to "all lien claims lodged by TCB, of any nature, and for any reason, by its claim 99-1 (and any subsequent amendments)" fails to state a claim upon which relief can be granted.

## II.

## ARGUMENT

8. The factual basis for Templeton's objection to "all lien claims" in Paragraphs 14, 20(b) and 20(c) of the First Amended Complaint, is based from a portion of the First Amended Joint Chapter 11 Plan. Article I, ¶1.02 of the Plan provides, in part:

> Texas Capital Bank asserts a claim against the Estate in an amount close to $10 million. To secure repayment of that claim, Texas Capital Bank asserts a security interest and lien in certain Estate assets, including, without limitation, its deed-of-trust lien against Brandywood, the Life Insurance Proceeds, and all accounts, cash, inventory, and general intangibles. A current estimate of value for assets claimed by Texas Capital Bank as collateral includes: (a) $25.8 million related to Life Insurance Proceeds, (b) $1.2 million to $3 million related to Brandywood, (c) $1.5 million related to all payment rights to AHF (exclusive of Life Insurance Proceeds), and (d) $2.3 million related to promissory-note receivables from the AIMCO Portfolio. **The Proponents dispute the validity, priority, and extent of Texas Capital Bank's asserted lien and security interest in Estate assets.**

*See* Docket No. 1747, Paragraph 1.02 (emphasis added).

9.  An additional factual basis to Templeton's objection to "all lien claims lodged by TCB" in Paragraphs 14, 20(b), and 20(c) of the First Amended Complaint relates to developer fees. In order to have a perfected lien, these fees must be specifically identified in the notes receivable, and the specific property must also be identified. The lien is not perfected because these identifications were not made, and Templeton objects to any lien by TCB concerning developer fees.

10. Another factual basis to Templeton's objection to "all lien claims lodged by TCB" in Paragraphs 14, 20(b), and 20(c) of the First Amended Complaint relates to receivables, and particularly, whether TCB has a lien on post-petition accrued receivables.

## III.

## CONCLUSION

For these reasons, Templeton requests that the Court deny TCB's motion to dismiss for failure to state a claim and retain this adversary proceeding on the Court's docket. Alternatively, if the Court determines that Templeton has failed to state a claim concerning "all lien claims lodged by TCB," Templeton asks the Court to grant him leave to amend the adversary complaint. Templeton asks for such other and further relief to which he may show himself justly entitled at law or equity.

DATED this 8th day of November, 2010.

                                          Respectfully submitted,

                                          LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
                                          Joe L. Lovell, SBT: 12609100
                                          John H. Lovell, SBT: 12609300
                                          Deborah D. Reeves, SBT: 24006668
                                          112 West 8th Avenue, Suite 1000
                                          Amarillo, Texas 79101-2314
                                          Telephone: (806) 373-1515
                                          Facsimile: (806) 379-7176

                                          By _____
                                                 John H. Lovell

PLAINTIFF'S RESPONSE TO TEXAS CAPITAL BANK, N.A.'S RULE 7012(b)(6)
MOTION TO DISMISS                                                                                          PAGE 5
L:\Tracy\American Housing Foundation.5388\Bankruptcy\10-02021- Maddox Estate v. TCB\Pleadings\Response to TCB's Motion to Dismiss.wpd

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing was sent via ECF and/or email on this the 8th day of November, 2010 to the following listed parties in interest:

1.  Eli O. Columbus
  Lloyd A. Lim
  David Brown
  Winstead PC
  5400 Renaissance Tower
  1201 Elm Street
  Dallas, Texas 75270-2199
   ***Attorneys for Texas Capital Bank, N.A.***

2.  U. S. TRUSTEE
  1100 Commerce Street, Room 976
  Dallas, Texas 75242-1496

3.  Walter O'Cheskey
  P. O. Box 64456
  Lubbock, Texas 79464
   ***Trustee for American Housing Foundation***

4.  Max Ralph Tarbox
  Tarbox Law, P.C.
  2301 Broadway
  Lubbock, Texas 79401
   ***Attorney for Trustee***

5.  Steve McCartin
  Marcus Helt
  GARDERE, WYNN, SEWELL, LLP
  1601 Elm Street, Suite 3000
  Dallas, Texas 75201
   ***Attorneys for Trustee***

6.  All creditors and parties in interest registered with the U. S. Bankruptcy Court to receive electronic notices in this case.

               _____
               John H. Lovell

PLAINTIFF'S RESPONSE TO TEXAS CAPITAL BANK, N.A.'S RULE 7012(b)(6)
MOTION TO DISMISS                      PAGE 6
L:\Tracy\American Housing Foundation.5388\Bankruptcy\10-02021- Maddox Estate v. TCB\Pleadings\Response to TCB's Motion to Dismiss.wpd